09CV020390

2026

| STATE OF WISCONSIN | : | CIRCUIT COURT<br>CIVIL DIVISION | : | MILWAUKEE COUNTY |

SHONTAY HUMPHRIES,
20206 W. Clarke Street
Milwaukee, WI 53206,

    Plaintiff,

v.

                              SUMMONS

MILWAUKEE COUNTY, in its capacity        Case Code: 30703
as body corporate,
c/o County Clerk
901 N. 9th Street
Milwaukee, WI 53233

MILWAUKEE COUNTY
DEPARTMENT OF HEALTH and         HON. WILLIAM SOSNAY, BR. 08
HUMAN SERVICES
in its capacity as the county agency        **CIVIL P**
charged with administration of day
care certification,

JUAN MUNIZ, personally, and
in his official capacity as a
Child Care Specialist of the Milwaukee County
Department of Health and Human Services,

PANG XIONG, personally and
in his official capacity as a
Child Care Program Supervisor of the Milwaukee
County Department of Health and Human Services,
1220 West Vliet Street
Milwaukee, WI 53204

UNKNOWN NAMED DEFENDANT 1, personally and
in his or her official capacity as a
Child Care Program Supervisor of the Milwaukee
County Department of Health and Human Services,
1220 West Vliet Street
Milwaukee, WI 53204

FILED AND
AUTHENTICATED
DEC 31 2009
JOHN BARRETT
Clerk of Circuit Court

1

EXHIBIT A

Case 2:10-cv-00099-JPS Filed 02/04/10 Page 1 of 17 Document 1-1

FELICE RILEY, in her official capacity as
Economic Support Division Administrator of the Milwaukee
County Department of Health and Human Services,
1220 West Vliet Street
Milwaukee, WI 53204

and

THEIR AGENTS, EMPLOYEES, SUCCESSORS IN OFFICE,
ASSISTANTS AND ALL OTHERS ACTING IN
CONCERT OR COOPERATION WITH THEM OR
AT THEIR DIRECTION OR UNDER THEIR CONTROL,

901 N. 9th Street
Milwaukee, WI 53233

        Defendants/Respondents.

---

THE STATE OF WISCONSIN, To each person named above as Respondent and Defendant:

    You are hereby notified that the Plaintiff/Petitioner named above has filed a lawsuit or other legal action against you. The complaint, which is also served upon you, states the nature and basis of the legal action.

    Within 45 days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is Milwaukee County Courthouse, 901 North Ninth Street, Milwaukee, WI 53233, and to Sheila Sullivan, Jill Kastner, and Jeff Myer, Attorneys for Plaintiff, whose address is 230 West Wells Street, Room 800, Milwaukee, WI 53203. You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin, this 31st day of December, 2009

ATTORNEYS FOR THE PLAINTIFF

By: _____

Jill M. Kastner, # 1059750
Jeffry R. Myer, # 1017339
Sheila Sullivan, # 105254

Attorneys for the Plaintiff

Legal Action of Wisconsin, Inc.
230 West Wells Street
Milwaukee, WI 53203
(414)274-3403
sxs@legalaction.org

3

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION

SHONTAY HUMPHRIES,
20206 W. Clarke Street
Milwaukee, WI 53206,

2026

Plaintiff,

v.

COMPLAINT

MILWAUKEE COUNTY, in its capacity
as body corporate,
c/o County Clerk
901 N. 9th Street
Milwaukee, WI 53233

Case Code: 30703

MILWAUKEE COUNTY
DEPARTMENT OF HEALTH and
HUMAN SERVICES
in its capacity as the county agency
charged with administration of day
care certification,

JUAN MUNIZ, personally, and
in his official capacity as a
Child Care Specialist of the Milwaukee County
Department of Health and Human Services,

PANG XIONG, personally and
in his official capacity as a
Child Care Program Supervisor of the Milwaukee
County Department of Health and Human Services,
1220 West Vliet Street
Milwaukee, WI 53204

FILED AND
AUTHENTICATED
DEC 31 2009
JOHN BARRETT
Clerk of Circuit Court

UNKNOWN NAMED DEFENDANT 1, personally and
in his or her official capacity as a
Child Care Program Supervisor of the Milwaukee
County Department of Health and Human Services,
1220 West Vliet Street
Milwaukee, WI 53204

1

FELICE RILEY, in her official capacity as
Economic Support Division Administrator of the Milwaukee
County Department of Health and Human Services,
1220 West Vliet Street
Milwaukee, WI 53204

and

THEIR AGENTS, EMPLOYEES, SUCCESSORS IN OFFICE,
ASSISTANTS AND ALL OTHERS ACTING IN
CONCERT OR COOPERATION WITH THEM OR
AT THEIR DIRECTION OR UNDER THEIR CONTROL,

901 N. 9th Street
Milwaukee, WI 53233

Defendants/Respondents.

---

## I. PRELIMINARY STATEMENT

I. This is an action for damages, declaratory relief, and injunctive relief for violations of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in the operation, by the Milwaukee County Department of Health and Human Services, of the child care provider certification process. The action is brought pursuant to 42 U.S.C. § 1983 to enforce the procedural protections afforded by the Due Process Clause. Each of the defendants has acted, and is acting, under color of law in that, on information and belief, they claim their actions are compelled by state statute.

II. Plaintiff alleges that the DEPARTMENT, acting through the individually named DEFENDANTS, MUNIZ, XIONG, and UNKNOWN NAMED DEFENDANT 1, has refused, and continues to refuse, to renew plaintiff's certification to provide day care services and that the grounds for the refusal is the existence of a report, purportedly made in October 1988, about

2

which Plaintiff Humphries was not informed until 2008. The report falsely accused Plaintiff Humphries of having abused a child family member.

III. The violations of the Due Process Clause, as alleged more fully below, have five elements. First, at the time in 1988 when an employee of Defendant COUNTY made the determination that the allegations against Plaintiff Humphries constituted abuse or neglect, neither defendant COUNTY nor the State of Wisconsin had any written standards for what constituted abuse or neglect. Second, Plaintiff Humphries was not given notice in 1988 of the defamatory secret "finding" by an employee of defendant COUNTY of "substantiation" of an allegation of child abuse or neglect, and thus had no opportunity to contest the COUNTY's conclusions. At the time, Milwaukee County had a policy of not providing notice to the subjects of such investigations that a "finding" of "substantiation" had been made. At the time, Milwaukee County also had a policy of not providing an opportunity to be heard to contest either the factual basis or the subjective conclusions of the person making the "finding." Third, in 2008, when Defendants MUNIZ and UNKNOWN NAMED DEFENDANT 1 decided to refuse to renew plaintiff's Child Care Certificate, Plaintiff Humphries was not given notice and opportunity to contest the refusal before her certification renewal was refused. Fourth, in conjunction with the absence of a pre-deprivation notice and opportunity to be heard, Defendants MILWAUKEE COUNTY, RILEY, and XIONG have failed to provide a prompt post-deprivation remedy, even though Plaintiff Humphries has exhausted every administrative remedy available to her and has prevailed at the administrative level. Fifth, on information and belief, the COUNTY's policy is that the underlying truth or falsity of a past "finding" of "substantiation" is immaterial to the present refusal to issue a Child Care Certificate.

## II. PARTIES

IV. Plaintiff SHONTAY HUMPHRIES is an adult resident of Milwaukee County. She was certified by the DEPARTMENT as a day care provider in 2004 and 2006. She has also previously worked as a child care worker. In each of those capacities, she was subject to regular background investigations as required by state statute. On October 23, 2008, she was sent a letter informing her that her application to renew her Child Care Certification would be denied. According to that letter, she was being denied (1) because she allegedly failed to disclose the 1988 "finding" of "substantiation" and (2) because the 1988 "finding" of "substantiation" prevented granting the certification.

V. Defendant Milwaukee County (COUNTY) is a municipal corporation charged with administering a child care certification program for all persons eligible for child care subsidies under the W-2 Wisconsin Works program. The COUNTY has designated the Department of Health and Human Services as the department responsible for administering the certified child care program. The COUNTY is sued for declaratory and injunctive relief on the grounds that its operation of the child care certification program violates the Due Process Clause to the extent it makes current certification decisions based on past determinations, by its employees or other governmental employees, that allegations of child abuse or neglect were "substantiated" depite the fact that the subjects of those allegations were not given contemporaneous notice of the finding or an opportunity to contest the finding. The COUNTY is sued for damages for the current refusal to renew Plaintiff's certification both directly, through its highest decision makers, and as indemnitor, pursuant to Wis. Stat. § 895.46, for conduct of its employees acting in the scope of their employment.

VI. Defendant DEPARTMENT OF HEALTH AND HUMAN SERVICES is an agency of the COUNTY and is responsible for administering the child care subsidy program and for certifying and supervising child care providers pursuant to Wis. Stat. § 46.215(1)(p).

VII. Defendant JUAN MUNIZ is an adult resident of Milwaukee County. He is sued in both his individual capacity and in his official capacity. Defendant MUNIZ made the decision in October 2008 to refuse to renew Plaintiff's Day Care Certification.

VIII. Defendant UNKNOWN NAMED DEFENDANT 1 is the Child Care Supervisor employed by Defendant COUNTY who approved the October 2008 refusal to renew Plaintiff's Day Care Certification.

IX. Defendant PANG XIONG is an adult resident of Milwaukee County. He is sued in both his individual capacity and in his official capacity as a Child Care Supervisor. Defendant PANG refused to reissue Plaintiff's Child Care Certification and, since February 23, 2009, has continued to refuse to process Plaintiff's application for Child Care Certification despite the fact that the Department was ordered to do in the administrative hearing decision.

X. Defendant FELICE RILEY is the Administrator of the Economic Support Division of the Department of Health and Human Services. She is sued only in her official capacity. The Economic Support Division is the unit of the Department responsible for processing applications for Child Care Certification.

### III. BACKGROUND

#### A. Day Care Certification Requirements

XI. In 1997, the Wisconsin Legislature passed the "Caregiver Law." Wisconsin Act 27, Wis. Stat. §§ 48.685, 50.065. The purpose of the "Caregiver Law" is to provide protection to

5

vulnerable persons, children and elderly, against abuse, neglect and misappropriation of property by caregivers. Portions of the law apply to day care providers. Wis. Stat. § 48.685.

XII. The regulation of day care providers is divided between the State of Wisconsin and its individual counties. The State is responsible for licensing day care centers that care for four or more children under the age of 7 years. Wis. Stat. § 48.65. The Wisconsin Department of Health and Human Services promulgates rules for license requirements and day care center standards. Wis. Stat. § 48.67. The individual county is responsible for certifying day care providers who are reimbursed for child care services from state or federal funds and who care for three or fewer children under the age of seven years. Wis. Stat. § 48.651. The Wisconsin Department of Workforce Development (DWD) has promulgated rules for the county administration and supervision of certified day care providers. Wis. Stat. § 49.155(1d). Both day care centers licensed by the state and day care providers certified by the county are subject to the Caregiver Law provisions of Wis. Stat. § 48.685.

B. Criminal Background and Child Abuse Search

XIII. The designated county agency is required to conduct a criminal background check on all applicants for day care provider certification and all nonclient residents when day care services are provided in a residential home. Wis. Stat. § 48.685(2)(am).

XIV. A day care provider certified by the county must continue to comply with all requirements for certification during the certification period. Any new employee, or nonclient resident, must submit a background information disclosure form to the county department and undergo a background check. Wis. Admin. Code § DWD 55.05(1).

XV. The background check consists of searches of five information sources: (1) criminal

6

history records maintained by the Wisconsin Department of Justice; (2) the registry maintained of nurse aides under s. 146.40(4g); (3) records maintained by the Department of Regulation and Licensing to determine the status of the applicant's credentials, if applicable; (4) records maintained by the Wisconsin Department of Children and Families; and (5) the information maintained by the Wisconsin Department of Health Services that an applicant has been denied a license, certification, or employment at a caregiving facility. Wis. Stat. § 48.485(2)(am).

XVI. The statutory requirements for a criminal background check and a child abuse record search are included in the rules promulgated by the Department of Workforce Development for day care certification. Wis. Admin. Code § DWD 55.05(1).

C. Authority to Deny, Suspend, or Revoke a Day Care Provider Certification

XVII. Day care certificates are valid for two years. During the term of the certificate, the county is responsible for supervision of the day care provider. During the term of the certificate, the county may suspend or revoke the certificate and discontinue payment for care if the criteria of Wis. Admin. Code § DWD 55.06(1) are met.

XVIII. The county department must revoke or deny renewal of a day care provider certificate if, after completing the background check, it finds that the applicant: (1) committed a serious crime, as defined by § 48.685(1)(c); (2) has been found by a governmental entity to have abused or neglected a client of a care giving entity, or misappropriated the client's property; (3) has been found in a proceeding under Wis. Stat. § 48.981(3)(c) to have abused or neglected a child; or (4) is not current in his or her credential with the Department of Regulation and Licensing, if applicable. Wis. Stat. § 48.685(4m)(a)(1)-(5).

XIX. Plaintiff Shontay Humphries meets none of the criteria alleged in the preceding

7

paragraph.

XX. Plaintiff Shontay Humphries has never had notice of, or the opportunity to participate in, a proceeding under Wis. Stat. § 48.981 with respect to the 1988 allegations.

### D. Appeals Procedure

XXI. Milwaukee County provides an administrative hearing mechanism for persons who have been denied, revoked, or refused renewal of a child care certificate. This procedure did not exist, however, prior to 2003. In 1988, Milwaukee County did not provide notice or the opportunity to be heard on any of its "findings" that a child abuse allegation was "substantiated."

XXII. Prior to 1996, Milwaukee County had no written standards describing what constituted "child abuse" when an employee of Milwaukee County made a "finding" that an allegation of "child abuse" was "substantiated."

XXIII. As alleged more fully below, Plaintiff HUMPHRIES has used the existing administrative appeal mechanism to contest the October 2008 refusal to renew her child care certificate. The Hearing Examiner concluded both that the COUNTY failed to substantiate any finding of neglect or abuse and that the COUNTY provided no evidence that Plaintiff Humpries knew of any such finding before 2008. The COUNTY was ordered to finish processing Plaintiff HUMPHRIES' day care certification. The COUNTY refused to comply with that order, refusing to issue Plaintiff Humpries a day care certificate. There are no additional administrative remedies available to Plaintiff Humphries.

### IV. FACTUAL ALLEGATIONS OF NAMED PLAINTIFF

XXIV. In 2004, Plaintiff HUMPHRIES applied for day care provider certification from the DEPARTMENT. She met all the requirements for certification and was certified by the

8

DEPARTMENT. She began operating her day care business in 2004. Her day care certificate was renewed in 2006. At all times she has operated her business in conformity with all regulations.

XXV. For both her 2004 and her 2006 child care certificates, employees of Defendant DEPARTMENT conducted the background checks required by Wis. Stat. § 48.685.

XXVI. Plaintiff HUMPHRIES operated her day care services in a neighborhood in which many parents are single working parents and parents eligible for Wisconsin Works (W-2) benefits and services, and who are eligible to receive day care subsidies pursuant to Wis. Stat. § 49.155(1m). As of October 2008, all of the parents for whom HUMPHRIES provided day care services were eligible for such day care subsidies.

XXVII. In 2008, Plaintiff HUMPHRIES applied to renew her child care certificate. At that time, an unknown named individual located a document purportedly dated in 1988 which purports to be a finding by an employee of Milwaukee County that "substantiated" a 1988 allegation of "child abuse", purportedly by Plaintiff HUMPHRIES.

XXVIII. The 2008 request for recertification was denied in a letter dated October 23, 2008, signed by Defendant MUNIZ, attached as Exhibit 1. The decision to deny the request for recertification was recommended by Defendant MUNIZ and approved by Defendant UNKNOWN NAMED DEFENDANT 1.

XXIX. The 2008 request for certification renewal was denied on two grounds: (1) alleged failure to disclose a 1988 "finding" of "substantiation" of allegations of child abuse, and (2) the existence of the 1988 "finding" of "substantiation."

XXX. Plaintiff HUMPHRIES was not aware of the 1988 "finding" of "substantiation" of

9

"child abuse" until she received the October 23, 2008 letter denying her request for certification renewal.

XXXI. Prior to October 2008, Plaintiff HUMPHRIES was not informed that a "finding" of "substantiation" might be made, that a "finding" of "substantiation" had been made, or that such a finding might be used in deciding whether to renew her child care certification. She was never provided an opportunity to contest either the factual accuracy of the "finding" or the inferential conclusion that an allegation of abuse was "substantiated."

XXXII. On information and belief, at the time the 1988 "finding" of "substantiation" was made, Milwaukee County had no written standards for what constituted "child abuse" or "substantiation."

XXXIII. At the time the 1988 "finding" of "substantiation" was made, Milwaukee County did not give notice to the subjects of its child abuse investigations that a "finding" of "substantiation" had been made.

XXXIV. At the time the 1988 "finding" of "substantiation" was made, Milwaukee County did not provide an opportunity to contest the factual determinations underlying a "finding," the standard of proof constituting "substantiation," or the standards applied in reaching the conclusion that "child abuse" had occurred.

XXXV. Plaintiff HUMPHRIES requested an administrative hearing of the October 23, 2008 denial of her request for renewal of her child care certificate. The request resulted in a decision on February 23, 2009, Hearing Examiner Partipilo, attached as Exhibit 2. The decision found that Milwaukee County erred in denying Ms. HUMPHRIES certification based on the 1988 incident. Having no reasonable basis for denying the certification, the COUNTY was

10

ordered to process the request for renewal.

XXXVI. Since that time, Defendant PANG has refused to process the request for renewal, "April 1, 2009 Pang Letter," attached as Exhibit 3. The child care certificate still has not been renewed. December 30, 2009, Response to Caregiver Background Check, attached as Exhibit 4.

XXXVII. There is no basis, other than the claimed basis of the 1988 document, for refusing to renew the child care certificate.

## V. INADEQUACY OF DAMAGES REMEDY

XXXVIII. A damages remedy against the defendants sued personally, Defendants MUNIZ, PANG, and UNKNOWN NAMED DEFENDANT 1, can compensate for pecuniary loss, but will not force Defendants MILWAUKEE COUNTY, DEPARTMENT OF HEALTH AND HUMAN SERVICES, AND RILEY, or their successors in office from continuing to refuse to renew plaintiff's child care certificate.

## VI. ABSENCE OF QUALIFIED IMMUNITY

XXXIX. A damages remedy is sought against Defendants MUNIZ, PANG, and UNKNOWN NAMED DEFENDANT 1, for which there is no qualified immunity because, prior to October 1, 2008, the law was clearly established that licensing denials based on reliance on stale "findings" of purported "substantiation" (or "indication") of purported "child abuse" deprived the subject of liberty, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution in at least the following decisions, each decided before the denial of plaintiff's recertification request: *Boyd v. Owen*, 481 F.3d 520 (7th Cir. 2007); *Duprey v. Samuels*, 397 F.3d 493 (7th Cir. 2005); *Doyle v. Camelot*, 305 F.3d 603 (7th Cir. 2002).

11

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM - VIOLATION OF CIVIL RIGHTS

XXXX. Defendants, acting under color of state law, have deprived Plaintiff of rights secured by the Constitution and laws of the United States in the following respects:

(a) failing to renew her child care certificate based on a twenty year old "finding"

    (1) of which plaintiff was never given notice that it existed or would be considered in her request for child care certificate renewal;

    (2) for which she was never provided an opportunity to be heard on its factual and substantive inaccuracies;

    (3) which was issued without any written standards with respect to what constitutes "substantiation" or what constitutes "child abuse;" and

    (4) by continuing to refuse to renew the child care certification even after an ALJ found that no finding of abuse or neglect had been substantiated and instructed the Defendants to process the child care certification; and

(b) not providing, in 2008, a prompt pre-deprivation mechanism, before her request for renewal of certification was denied consisting of, at least, the following protections:

    (1) notice of the substance of the accusations;

    (2) an opportunity to present factual and legal arguments in support of renewal of the child care certificate;

    (3) a review, after such opportunity to present factual and legal arguments, by an individual not involved in the recommendation not to renew the child care certificate; and

12

(c) failing to have a mechanism for prompt post-deprivation review which would provide prompt relief for the decision to refuse to renew the child care certificate; and failure to provide an opportunity for a pre-termination hearing; and

(d) having as a policy of Milwaukee County that child care certification will be denied for "substantiated" "findings" of "child abuse" when those "findings" were not subject to the procedural protections of Wis. Stat. § 48.981.

SECOND CLAIM – INDEMNIFICATION

XXXXI. When Defendants MUNIZ, PANG, and UNKNOWN NAMED DEFENDANT 1 performed the acts denying Plaintiff her constitutional rights, they were acting within the scope and course of their employment by Milwaukee County. They may be entitled to indemnification for damages caused by their unconstitutional acts within the scope of their employment, pursuant to Wis. Stat. § 895.46. The claim of indemnification may be asserted against the municipal entity by the injured party.

VII. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court:

1. Enter a Declaratory Judgment that the plaintiff (a) has a property interest in her child care certificate and (b) that the present use of any adverse information of which a child care certificate holder did not have notice and an opportunity to be heard prior to denial of renewal of certification deprives the certificate holder of liberty and property without due process of law.

2. Enter an injunction requiring the immediate reinstatement of the plaintiff's child care certificate.

3. Enter an injunction prohibiting Milwaukee County, its employees, agents and

13

successors in office from denying, revoking, or failing to renew a child care certificate on the basis of a "substantiated finding of abuse or neglect" unless that "substantiated finding of abuse or neglect" was subject to the procedural protections afforded by Wis. Stat. § 48.891.

    4. Award damages against defendants MUNIZ, PANG, and UNKNOWN NAMED DEFENDANT 1 to compensate the Plaintiff for losses suffered as a result to the Defendants' illegal and unconstitutional actions.

Dated at Milwaukee, Wisconsin, this 31st day of December, 2009.

ATTORNEYS FOR THE PLAINTIFF

By: _____

JILL M. KASTNER, # 1059750
JEFFERY R. MYER, #1017339
SHEILA SULLIVAN, Bar # 1052545

LEGAL ACTION OF WISCONSIN, INC.
230 West Wells Street, Room 800
Milwaukee, WI 53203
414.274.3403
sxs@legalaction.org

14